## RECONSTRUCTION FINANCE CORPORATION v. BURLISON.

### No. 12360.

United States Court of Appeals
Fifth Circuit.

Dec. 23, 1948.

As Amended on Denial of Rehearing
Jan. 21, 1949.

Frank B. Potter, U. S. Atty. and O. Morris Harrell, Asst. U. S. Atty., both of Ft. Worth, Tex., for appellant.

Otis E. Nelson, of Wichita Falls, Tex., and Rush H. Record, of Houston, Tex., for appellee.

Before HOLMES, WALLER, and LEE, Circuit Judges.

WALLER, Circuit Judge.

The appellee, Burlison, a duly licensed slaughterer of livestock in Wichita County, Texas, brought this action to recover subsidies which he alleged were wrongfully withheld by the Reconstruction Finance Corporation. During the period of May, June, September, and October of 1946, the United States were paying meat subsidies [1] to slaughterers in an effort to stabilize prices and to insure an adequate supply. The right to receive subsidies was conditioned upon compliance with relevant orders and regulations issued by the Office of Price Administration. Appellee applied for subsidies for the months of May and June of 1946 in the amount of $5,609.16. His claim for May was paid in full. Part of the June claim was paid and part disallowed. The Office of Price Administration charged that the appellee had slaughtered in excess of 3% of his assigned quota, and it is admitted that the appellee slaughtered in excess of 2000 pounds live weight in cattle and in excess of 5000 pounds live weight in calves during the month of June. Appellee appeared before a "suspension hearing" at which time he voluntarily admitted the overslaughter but showed that same was inadvertent and in good faith. The violations were certified, in accordance with the regulations, by the Office of Price Administration to the Reconstruction Finance Corporation, which had then become the successor of the Defense Supply Corporation as the disbursing agency for the program.[2] Pursuant to the

---

[1] Sec. 902(e), Title 50, U.S.C.A.Appendix.

[2] The proceeding here is not brought under the Tucker Act, 28 U.S.C.A. § 41

330

certification of violation, the Reconstruction Finance Corporation withheld the June subsidy and also set off the amount paid him in May against amounts due appellee for September and October, 1946, with interest on the May payments. After appellee's attempts to recover the subsidies from the Office of Price Administration and the Reconstruction Finance Corporation had failed, he instituted this action. ❡

The trial Court found as facts:

1. In the months in question appellee had slaughtered in excess of his quota.

2. Appellee had voluntarily reported the overslaughter.

3. Appellee undertook to compensate for the overslaughter in May and June by underslaughtering in subsequent months.

4. The overslaughter was not willful or intentional.

Judgment was entered below for the appellee in the amount of $5,641.46.

The Reconstruction Finance Corporation, appealing, urges that:

1. The judgment ignores administrative orders which prevent payment of the subsidies.

2. The District Court's finding of fact that the appellee had overslaughtered is a complete bar to the allowance of appellee's claim for subsidies.

3. Appellee did not exhaust available administrative remedies.

■ Any right of a slaughterer to receive the subsidies must be found in the statute or in the regulations promulgated pursuant thereto, and in order to obtain same the slaughterer must comply substantially with the statute and regulations. The subsidy payments were made available to stabilize prices and insure supplies and to further the general stabilization policy. Appellee did not comply with the regulations, nor does he fall within any exceptions thereto even though the overslaugh-

ter was unintentional and even though he acted in good faith. Paragraph 7(b)(2) of Directive 41 provides that: "Upon a determination by any court of first instance, either criminal or civil, or upon a determination by a hearing commissioner, that a subsidy applicant has violated any substantive provision of an Office of Price Administration meat or livestock regulation or order, the Office of Price Administration shall certify the determination to the Reconstruction Finance Corporation, including the period of time during which the violation is found to have occurred. Reconstruction Finance Corporation shall thereupon withhold payment of all subsidy claims of the applicant for the accounting period in which the violation is found to have occurred."

Sec. 20 of Control Order 2 (11 F.R. 5070 provides: "Any person who violates any provision of this order shall upon certification to the Reconstruction Finance Corporation, in accordance with Directive No. 41, as amended, of the Office of Economic Stabilization, be subject to the withholding by the Reconstruction Finance Corporation of meat subsidy payments claimed by such person."

■ It is our view that although the Hearing Commissioner could not suspend the appellee, he well could, and did, ascertain violations. At the threshold of any suspension inquiry is the question of whether or not there have been violations, and even though a suspension order was not then inflictable, it does not necessarily follow that lesser penalties for violations could not be imposed. The real basis for withholding payment of the subsidies is non-compliance—whether it be intentional or otherwise—and upon ascertainment of violation by the Hearing Commissioner the Office of Price Administration properly certified such fact to the Reconstruction Finance Corporation.

Violations of the regulations by appellee were not only found in the suspension

___

(20), but under Sec. 603(a) of Title 15 U.S.C.A., authorizing the Reconstruction Finance Corporation "to sue and be sued, to complain and to defend, in any court of competent jurisdiction, State or Federal; * * *." The question of whether

this authorization to sue and be sued is broad enough to cover suits wherein the Reconstruction Finance Corporation is merely the agency for the payment of subsidies for the Price Control Administration was not raised in this case.

hearing by the Hearing Commissioner but were found by the lower Court and are admitted by appellee. The finding by the Hearing Commissioner was sufficient predicate upon which to base the certificate of non-compliance, filed with the Reconstruction Finance Corporation. Sec 7(b)(2) of Directive 41, as well as Sec. 20 of Control Order 2, required, upon certification of such violations, the withholding of the subsidy payments claimed without regard to whether or not the violations were intentional or unintentional, except that if the overslaughter did not exceed 3% of the assigned quota or was not in excess of 2,000 pounds live weight, the Price Administrator could have waived the violation. In appellee's case, he slaughtered in excess of 3%.

█ Having concluded that Sec. 7(b) (2) of Directive 41, as well as Sec. 20 of Control Order 2, required the Reconstruction Finance Corporation to withhold the subsidy payments to appellee, it follows, without regard to the matter of the slaughterer's intent, in view of the findings that appellee had violated these directives, that it was error to allow a recovery. Neither the validity, the wisdom, the justice, nor the righteousness of these orders and directives is open for questioning in this, or any, Court other than the Emergency Court of Appeals. In Sec. 204(d) of the Emergency Price Control Act of 1942, as amended, 50 U.S.C.A.Appendix, § 924(d), it is provided: "The Emergency Court of Appeals, and the Supreme Court upon review of judgments and orders of the Emergency Court of Appeals, shall have exclusive jurisdiction to determine the validity of any regulation or order issued under section 2, of any price schedule effective in accordance with the provisions of section 206, and of any provision of any such regulation, order, or price schedule. Except as provided in this section, no court, Federal, State, or Territorial, shall have jurisdiction or power to consider the validity of any such regulation, order, or price schedule, or to stay, restrain, enjoin, or set aside, in whole or in part, any provision of this Act authorizing the issuance of such regulations or orders, or making effective any such price schedule, or any provision of any such regulation, order, or price schedule, or to restrain or enjoin the enforcement of any such provision."

For the reasons above set out, we hold that the judgment of the Court below allowing recovery by the plaintiff was error and the same is hereby reversed and remanded with directions to vacate the judgment and to dismiss the cause.

Reversed and remanded.